**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER MIGUEL JUSTICE,** | § | |
| | § | |
| **V.** | § | **A-20-CV-1063-RP** |
| | § | |
| | § | |
| **AUSTIN POLICE DEPARTMENT, et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Pro Se Plaintiff Christopher Miguel Justice's Complaint (Dkt. No. 1);

Defendant Travis County's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(4) and 12(b)(5) or

in the Alternative, Motion to Quash (Dkt. No. 24) and City Defendants' Rule 12(b)(6) Motion to

Dismiss Plaintiff's Original Complaint, or in the Alternative, Motion to Stay Proceedings (Dkt. No.

25).   The District Court referred the motions to the undersigned for report and recommendation,

pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local

Court Rules.

## I.  BACKGROUND

Plaintiff Christopher Miguel Justice, proceeding pro se, asserts complaints against the Austin

Police Department, APD Officer Seth Model, Travis County, and the State of Texas.   Justice's

claims are brought under 42 U.S.C. § 1983 and arise from his arrest for driving under the influence

on September 28, 2020.[1] Justice pleads that after changing lanes without signaling ("the plaintiff

made his way over to the far right lane without signaling, to turn right on to 6th Street"), he was

---

[1]Justice asserts the events occurred on September 28, 2020, Dkt. No. 1 at 2, and Defendants
assert the events occurred in October. The actual date of the arrest is of no moment with regard to
the merits of the motions now before the Court.

pulled over by APD Officer Seth Model and required to take a field sobriety test.  After the field sobriety test, Justice was asked to take a breathalyzer test, which he refused. He was then arrested and taken to Travis County Jail, and his car was searched and impounded.  After obtaining a search warrant from a judge, Justice's blood was drawn by a Travis County officer. Justice was eventually released on bond.

Justice complains that his constitutional rights were violated by the State of Texas because it has laws allowing for restrictions to be placed on Justice in violation of the Due Process Clause, prior to a determination of guilt. Specifically, Justice complains about a requirement that an alcohol interlock device be placed on his vehicle, the potential revocation of his driver's license, and the placement of restrictions on his current license. Justice asserts that these unidentified "laws or rules" constitute a violation of his Fifth and Fourteenth Amendment rights.

Justice additionally claims that Officer Seth Model and his partner, whom he did not name in this suit,  lacked probable cause to arrest him or seize his vehicle, and argues that he was "racially profiled" because the custom rims, illuminated grill and other custom features of his vehicle. Justice claims that at six feet two inches and 275 pounds, he was too large to perform a filed sobriety test, and thus subjecting him to the test violated his Fourteenth Amendment rights. Justice also asserts that Model failed to read him his *Miranda* rights.

Justice additionally argues that the search warrant for his blood was issued without probable cause, that his blood was contaminated, and the fact that the blood test was performed by an officer and not a registered nurse violated his Eighth Amendment Right to be free from cruel and unusual punishment, along with his Due Process rights. Justice argues that he was placed in a cell with handcuffs in violation of his Eighth Amendment rights.

2

For relief, Justice requests a Temporary Restraining Order, preliminary injunction, and permanent injunction, "ordering the State of Texas to dismiss, expounge [sic], and delete this DWI charge permanently from Plaintiff's record, return Plaintiff's drivers license,  refrain from ordering Plaintiff to get an interlock device installed on his vehicle [and a]n order preventing the Austin Police Department  from any further harassment of Plaintiff Justice." Dkt. No. 1 at 6. Justice further requests monetary damages in the amount of $25,000,000 from Austin Police Department, $60,000 from Officer Model, $100,000 from Travis County, and $1.00 from the State of Texas.

## II. ANALYSIS

### A.    City Defendants' Motion to Dismiss (Dkt. No. 25)

#### 1.    Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). A claim is facially plausible when factual context is pled that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct. *See id.* A pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." *Id.* However, courts must accept all well-pleaded facts as true, in the light most favorable to the plaintiff. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2019).

#### 2.    Claims Against Austin Police Department

The Austin Police Department argues that the claims against it should be dismissed as it is not an independent entity subject to suit.  Plaintiff Justice has not responded to this argument.  The

capacity of an entity, such as a police department or a county jail, to sue or to be sued is "determined by the law of the state in which the district court is held." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). For a plaintiff to sue a department of a city, that department must enjoy a separate legal existence. *Id.* Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued. *Id.* Federal courts in Texas have uniformly held that entities without a separate jural existence, including the Austin Police Department, are not subject to suit. *See, e.g., See Neal v. Flanery*, 2021 WL 164555, at *2 (W.D. Tex. Jan. 19, 2021) (Austin Police Department is not a legal entity capable of being sued); *Potts v. Crosby Indep. School Dist.*, 2005 WL 1527657, at *6 (S.D. Tex. June 28, 2005) (Harris County Sheriff's Department lacks capacity to sue or be sued); *Westfall v. City of Schertz Police Dep't*, 2005 WL 1168427, at *2 (W.D. Tex. May 18, 2005) (city police department not separate jural entity capable of being sued). Because the Austin Police Department is not a separate legal entity amenable to suit, Justice's claims against APD should be dismissed. *See Barrie v. Nueces County Dist. Attorney's Office*, 753 Fed. Appx. 260, 264 (5th Cir. 2018).

### 3.     Claims Against APD Officer Seth Model

Model moves to dismiss Justice's claims against him, arguing that he is entitled to qualified immunity on the claims, because Justice has failed to plead facts sufficient to establish a violation of a constitutional right, as required to make out a § 1983 claim. To state a cognizable claim pursuant to § 1983, a plaintiff must allege: (1) "that some person deprived him of a federal right"; and (2) "that the individual who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Qualified immunity is a common-law doctrine that "protects government officials from civil damages liability when their actions could reasonably have

been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011). To avoid dismissal on this basis, Justice must show: "(1) that [Model] violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Id.*

### a.    Fourth Amendment Claims

Justice alleges that his Fourth Amendment rights were violated when Model pulled him over, and that he was arrested without probable cause. A citizen has a right under the Fourth Amendment to be free from arrest unless the arrest is supported by either a properly issued arrest warrant or probable cause. *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004). "Under the Fourth Amendment, an arrest is reasonable if supported by probable cause." *Martinez-Aguero v. Gonzalez*, 459 F.3d 618, 625 (5th Cir. 2006). In order to prevail on his Fourth Amendment claims, Justice must identify factual allegations supporting a reasonable inference that Officer Model lacked probable cause for the arrest or intentionally made material misstatements in the warrant application affidavit, in violation of the Fourth Amendment. Justice has not done so.

Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense. " *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001). In this case, Justice admits in his Complaint that he changed lanes without signaling, which is a violation of Texas state law. TEX. TRANSP. CODE. ANN §§ 542.401, 545.104(a). Therefore, Model had probable cause to pull Justice over, and his stop did not violate the Fourth Amendment.

Justice further complains that Model administered a field sobriety test, which Justice claims was improper because of his height and weight. Justice cites the "DWI Manual" as the basis of this claim.  The Court finds no basis for Justice's claim that the administration of a field sobriety test

based upon a person's particular height and weight constitutes a violation of his  Fourth Amendment rights.  Under Texas law, evidence that would logically raise an inference that a person was intoxicated at the time of driving includes erratic driving, post-driving behavior such as stumbling, swaying, slurring or mumbling words, inability to perform field sobriety tests or follow directions, bloodshot eyes, and any admissions by the defendant concerning what, when, and how much he had been drinking.  *See Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010).  Importantly, Justice does not claim he was not drinking alcohol prior to his arrest. Moreover, failure to pass a field sobriety test provides probable cause to arrest an individual. *See Nitsch v. City of El Paso*, 482 F. Supp. 2d 820, 827 (W.D. Tex. 2007). And, even if Justice did not fail the field sobriety test, which his own evidence supports he did, his admitted refusal to submit to a breathalyzer test constitutes probable cause for his arrest. *See, e.g., Miller v. Harget*, 458 F.3d 1251, 1260 (11th Cir. 2006) ("Mr. Miller's refusal to take a breathalyzer test, coupled with the smell of alcohol from the vehicle, gave Officer Harget probable cause to arrest him."); *Tex. Dep't of Pub. Safety v. Castro*, 406 S.W.3d 782, 788 (Tex. App.—El Paso 2013, no pet.) ("A person's refusal to participate in field sobriety testing is a factor that may be considered in the totality of the circumstances when determining whether probable cause exists."); *Forbes v. Harris County, Texas*, 2019 WL 2085670, at *7 (S.D. Tex. May 13, 2019), *aff'd*, 804 Fed. App'x. 233 (5th Cir. 2020) (refusal to take a breathalyzer test and to submit to a blood sample constituted probable cause for arrest). Justice's own pleadings demonstrate that Model had probable cause to arrest him.

Justice asserts that Model violated his Fourth Amendment rights when he searched and seized his vehicle.  Typically, a Fourth Amendment claim of improper search and seizure is brought in the context of a criminal case in an effort to suppress the evidence seized. Justice is not complaining the

seizure of any evidence but rather about the cost and bother of retrieving his impounded car. However, because there was probable cause for Justice's arrest, the impoundment of his vehicle incident to his arrest was proper and not a violation of the Fourth Amendment. Warrantless searches and seizures are "per se unreasonable unless they fall within a few narrowly defined exceptions." *United States v. Kelly*, 302 F.3d 291, 293 (5th Cir. 2002). One such exception is the "community caretaking" exception that originated in the Supreme Court's decision in *South Dakota v. Opperman*, 428 U.S. 364 (1976). "Public caretaking typically applies when the owner of the vehicle has been arrested while the vehicle is on the public streets." *Trent v. Wade*, 776 F.3d 368, 387 n.13 (5th Cir. 2015). This exception allows police to impound the vehicle to protect the vehicle, its contents, and the surrounding roadways. *Id.*; *Opperman*, 428 U.S. at 368; *United States v. McKinnon*, 681 F.3d 203, 209–10 (5th Cir. 2012) (finding that a police officer's decision to impound a vehicle was reasonable under the Fourth Amendment where the vehicle was parked in a public place and could have become a nuisance, and the vehicle could not be lawfully driven away from the scene); *United States v. Castro*, 166 F.3d 728, 734 (5th Cir. 1999); *United States v. Ponce*, 8 F.3d 989, 996 (5th Cir. 1993). Justice's claims against Model based upon the search and seizure of his car fail.

     **b.**     **Failure to Read *Miranda* rights**

Justice also claims that officer Model violated his Fifth Amendment rights when he failed to read him his *Miranda* rights. This claim is not actionable. The "remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action." *Rollerson v. City of Freeport*, Tex., 2013 WL 2189892, at *14 (S.D. Tex. May 16, 2013) (internal citation omitted). "The reading of *Miranda* warnings is a procedural safeguard rather than a right arising out of the fifth amendment." *Id.*; *see also Warren v. City of Lincoln Neb.*, 864 F.2d 1436, 1442 (8th

Cir.1989) (citing *Miranda v. Arizona*, 384 U.S. 436, 467 (1966)). "Violations of the prophylactic *Miranda* procedures do not amount to violations of the Constitution itself and, as such, fail to raise a cause of action under § 1983." *Foster v. Carroll Cty.*, 502 Fed.Appx. 356, 358 (5th Cir. 2012). Justice's § 1983 claim under *Miranda* fails as a matter of law.

### c.     Fourteenth Amendment Equal Protection Claims

For his last claim against Model, Justice asserts that Model racially profiled him because of his customized vehicle. A claim of racial profiling constitutes an equal protection claim. *Whren v. United States*, 517 U.S. 806, 813 (1996) (holding that claims asserting selective enforcement of law based on race are properly brought under Equal Protection Clause and clause may be violated even if police action is acceptable under Fourth Amendment). To state a claim of racial discrimination under the Equal Protection Clause and § 1983, a plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Priester v. Lowndes Cty.*, 354 F.3d 414, 424 (5th Cir. 2004). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id.* A plaintiff's "subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief." *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983).

Justice fails to identify his race (although it is evident from the Affidavit for Warrant and Arrrest and Detention, Dkt. No. 18 at 12, that he is Black) and makes only conclusory allegations that he was profiled. Additionally, he fails to allege that he was treated differently than any similarly situated motorist of a different race. Justice fails to assert a cognizable constitutional claim for equal

protection under the Fourteenth Amendment, and therefore a § 1983 claim. His claim against Officer Model should be dismissed.

Because Justice has failed to identify a violation by Model of a constitutional right, Model is entitled to qualified immunity for the § 1983 claims against him.

### 4.      Claims Against the City of Austin

Justice has attempted service on the Mayor of Austin in an attempt to serve the City of Austin with the suit, despite the City not being named in his Complaint. The Court will deem the City of Austin served for purposes of Defendant's Motion to Dismiss, given that any claim Justice might bring against the City of Austin fails.  A municipality may be liable pursuant to § 1983 only in limited circumstances. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 669 (1978). Under settled doctrine, a plaintiff asserting municipal liability must plead facts suggesting the existence of: (1) an official policy; (2) promulgated by an authorized policymaker; (3) that was the "moving force" behind the constitutional deprivation. *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017). *Monell*, 436 U.S. at 691. The "official-policy" requirement ensures that a municipality is not held responsible for the misconduct of an employee. *Id.*  Justice has failed to plead and has not  identified any municipal policy that was the moving force of the constitutional violations he has alleged.  Any § 1983 claim against the City would fail on this basis.

### B.      Defendant Travis County's Motion to Dismiss

Justice asserts that Travis County violated his constitutional rights under the Fifth and Eighth Amendments by placing him in a cell with handcuffs and "illegally" obtaining his blood by a Sheriff's Deputy that was not a registered nurse.  Travis County moves to dismiss the suit for insufficient process, and for insufficient service of process. FED. R. CIV. P. 12(b)(4) & (5). "An objection under

Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service, while a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. Appx. 688, 692 (5th Cir. 2008). (Thus, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." C. Wright & A. Miller, 5B FEDERAL PRACTICE AND PROCEDURE, § 1353 (3d ed).

Under Federal Rule of Civil Procedure 4(a), a summons must "identify the parties" and "be directed to a defendant." FED. R. CIV. P. 4(a)(1)(A)-(B). Here, intending to sue Travis County, Justice served the summons on Travis County Sheriff Sally Hernandez.  But this resulted in the summons being served on an improper party. Service upon a local government "shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons." FED. R. CIV. P. 4(j)(1). Texas law directs that service of process on a county be accomplished by service "on the county judge" (which is also its chief executive officer). TEX. CIV. PRAC. & REM. CODE ANN. § 17.024(a). Thus, service on the Travis County Sheriff was deficient.

When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Landry v. Garber*, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), R&R adopted, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing *Aetna Business Credit, Inc. v. Universal*

*Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Travis County further contends it is now too late to perfect service. The Court agrees.  Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* " 'Good cause' under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. Appx. 688, 692 (5th Cir. 2008).  Further, "courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified. . . . .'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

Justice filed his Complaint on October 23, 2020. Dkt. No. 1. Well more than 90 days have elapsed without service being properly effected on Travis County.  Justice has filed various motions with the Court requesting extensions of time to serve the Mayor of Austin, the Texas Attorney General, and the Chief of the Austin Police Department.  Despite Travis County pointing out the insufficiency of Justice's service of process, he has failed to cure the problem nor has he explained in any of his filings the good cause for his failure to do so. Accordingly, the Court finds that Justice has failed to establish good cause for his failure to serve Travis County within the applicable time, and his claims against Travis County should be dismissed without prejudice.

Lastly, as explained above,  a municipality may be liable pursuant to § 1983 only in limited circumstances. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 669 (1978). Justice has failed

to plead and has not identified any municipal policy related to his claims against Travis County. His claims against Travis County fail on this additional basis.

## C.     Claims Against the State of Texas

Justice names the State of Texas in his complaint, though he has yet to effect service on the state. Further, nowhere in the complaint does he allege any facts that the State was involved in any way in his arrest and detention. Rather, he alleges that officers of the City of Austin Police Department arrested him, and that he was detained at a Travis County jail. He has therefore completely failed to state a claim against the State. Even if he had, such a claim would be barred.

"Eleventh Amendment sovereign immunity bars private suits against nonconsenting states in federal court." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Moreover, the Eleventh Amendment bars suits against the State "regardless of whether money damages or injunctive relief is sought" and "section 1983 does not override the Eleventh Amendment." *Briggs v. Mississippi*, 331 F.3d 499, 503 (5th Cir. 2003) (*quoting Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986)). The State of Texas has not waived its sovereign immunity from section 1983 claims. Nor has Congress abrogated sovereign immunity from section 1983 claims. *See NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). Moreover, the State of Texas is not a "person" that can be sued under § 1983 for monetary damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus Justice's claims for monetary damages against the State should be dismissed.

The Eleventh Amendment, however, does not bar "suits for prospective . . . relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). The origin of this exception is *Ex parte Young*, 209 U.S. 123 (1908). Under *Ex parte Young*, a case can proceed against individual state officials named in their official capacities when the claim is for

an ongoing violation of federal law, but the relief sought must be prospective. *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). The suit must therefore name the appropriate state official, and seek prospective injunctive relief. Justice does not seek prospective relief from any state official; instead he requests that the State of Texas expunge the DUI charge from his record, his driver's license be returned, and the order that he have an interlock device on his car be rescinded. As noted, the *Ex Parte Young* doctrine does not apply to states or state agencies; "it applies to claims for injunctive relief against state officials." *Va. Office for Prot. & Advocacy v. Stewart*, 131 S.Ct. 1632, 1638 (2011). Accordingly, any claim for prospective injunctive relief that Justice may assert against the State of Texas fails to state a claim. *See Anderton v. Texas Parks & Wildlife Dep't*, 2014 WL 11281086, at *3 (N.D. Tex. Feb. 14, 2014), *aff'd,* 605 Fed. Appx. 339 (5th Cir. 2015). Because Justice's claims against the State are barred by the Eleventh Amendment, they should be dismissed.

## III. RECOMMENDATIONS

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** the following:

- City Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint be **GRANTED** and the claims against Seth Model be dismissed with prejudice based on qualified immunity; the claims against the Austin Police Department be dismissed with prejudice because it is not a legal entity subject to being sued; and the claims against the City be dismissed with prejudice for failure to state a claim on which relief may be granted.

- Travis County's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(4) and 12(b)(5) be **GRANTED** and the claims against the county be dismissed without prejudice for insufficiency of service of process.

- The claims against the State of Texas be dismissed as barred by the Eleventh Amendment.

- All remaining pending motions (Nos. 18, 26, 27-30, 36, 37, 41) be **DENIED** as **MOOT**.

If this recommendation is adopted it will dispose of all of the claims in the case.  Accordingly, the undersigned further **RECOMMENDS** that the Court enter a final judgment and close the case.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of May, 2021.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE